## HUSTON v. BARRETT.

Circuit Court of Appeals, Fifth Circuit.
February 1, 1928.

No. 5051.

1. Patents ⊗══48—Improvement in bags for salted peanuts may be patentable, although bags differ from previous ones only in shape, size, paper used, and manner of using them.

Improvement in paper containers to be used for salted peanuts may be patentable, if new containers possess better and more useful properties, although differing from containers previously in use only in shape, size, kind of paper used, and manner of using them.

2. Patents ⊗══48—Improvement in bag for salted peanuts, affording better protection from deteriorating exposure or contacts, is patentable.

Improvement in paper bag for containing salted peanuts and like edibles, whereby the peanuts can be better protected from deteriorating exposure or contacts until they reach the consumer is patentable.

3. Evidence ⊗══19—Circuit Court of Appeals held not to judicially know that type of paper bag for salted peanuts did not possess patentable qualities claimed.

In suit where plaintiff charged infringement of patent, Circuit Court of Appeals held not to judicially know that type of paper bag to be used for containing salted peanuts did not possess the patentable qualities claimed.

4. Patents ⊗══112(3)—Presumption of invention created by grant of patent held to prevail, where not rebutted by evidence.

On appeal from decree dismissing plaintiff's bill charging infringement of patent, presumption of invention created by the grant of the patent, held to prevail, since it was not rebutted or overcome by evidence.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Bill in equity by Tom Huston, trading as the Tom Huston Peanut Company, against C. O. Barrett, trading as the Barrett Potato Chip Company. Decree for defendant, and plaintiff appeals. Reversed and remanded.

Geo. I. Haight and L. B. Mann, both of Chicago, Ill., Thomas J. Long, Jr., of Atlanta, Ga., and Samuel B. Hatcher, of Columbus, Ga. (Russell Wiles, of Chicago, Ill., and Hatcher & Hatcher, of Columbus, Ga., on the brief), for appellant.

Hyman M. Morris, Blair Foster, and Robert C. Alston, all of Atlanta, Ga. (Alston, Alston, Foster & Moise, of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree sustaining a motion to dismiss a bill in equity filed by the appellant against the appellee, both citizens of Georgia, which charged infringement of a patent and unfair competition. The patent in suit, No. 1,603,207, issued October 12, 1926, was for an improvement in paper bags particularly designed for use as containers of salted peanuts, salted almonds, and the like.

The specifications and claims of the patent call for a long, narrow bag, made of

ribbed, transparent paper, the ribs being arranged lengthwise of the bag, the length of the bag being greater than the width of a man's hand, long enough to permit both ends to project substantially from the hand grasping it, the width being narrow enough for insertion into the mouth, the closed end of the bag being formed and sealed flat, and the other end being also flat and capable of being securely closed by a gummed flap. It appears from the face of the patent that novelty, usefulness, and superiority were attributed to the patented type of bag in that—unlike bags customarily used as containers of salted peanuts and the like, which are of ordinary shapes, either wide, nearly square, and flat, or short, flat-bottom, satchel type bags, made of smooth glassine or oiled paper —the patented type of bag, when filled with peanuts, where they are salted and prepared for consumption, is capable of keeping the peanuts protected from unsanitary or otherwise deteriorating exposure or contacts while they are carried, in closed cans or other containers of filled bags, to the retailer and until they reach the mouth of the consumer, is the means of minimizing or reducing, in consequence of the way the peanuts are placed in such a bag, the stress on the ends of the bag, thus lessening the liability of the bag breaking while in transit or being handled, and makes a more attractive package in consequence of the ribs absorbing oil from the contents of the bag, with the result of making the remainder of the glassine or oiled paper more transparent, so that the contents are more invitingly disclosed. The bill contained allegations to the effect that, after the appellant's peanuts, as put up in the patented type of bags, had gained great favor with the purchasing public, and after appellee had unsuccessfully negotiated with the appellant for the exclusive right to sell appellant's packages and peanuts in certain territory, the appellee began the infringing complained of by putting up and marketing peanuts in bags of the type patented by appellant.

[1, 2] Although the bag called for by the patent differed from those previously in use as containers of salted peanuts or the like only in shape, size, the kind of paper used, and the manner of using it, the change or improvement may be patentable, if it is the means of obtaining a new or better result, or the patentee's type of paper bag has useful capabilities not possessed by such paper bags as previously were used as containers of peanuts and like edibles. Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, 496, 23 L. Ed. 952; Rumford Chemical Works v. New York Baking Powder (C. C. A.) 134 F. 385; Edison Electric Light Co. v. United States Electric Lighting Co., 52 F. 300; Hogan v. Westmoreland Specialty Co. (C. C.) 163 F. 289; Walker on Patents (5th Ed.) § 29. If the patented type of bag is the means whereby salted peanuts can be protected from deteriorating exposure or contacts while they are carried from where they are prepared for consumption, while they are handled by dealers, and until they reach the mouth of the consumer, and such results cannot at all or as well be obtained if a different kind of paper bag is used as the container, we think the change would constitute a patentable improvement.

[3, 4] We do not judicially know that the type of paper bag called for by the patent does not possess any of the advantages or useful capabilities claimed for it. This being so, the presumption of invention created by the grant of the patent prevails until it is rebutted or overcome by evidence. We conclude that the court erred in sustaining the motion to dismiss the bill. Because of that error the decree is reversed, and the cause is remanded for further proceedings.

Reversed.